1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LEO NORVELL WARE,                    )   Case No. CV 09-6077-CAS (RNB)
                                     )
                Petitioner,          )
                                     )   ORDER TO SHOW CAUSE
        vs.                          )
                                     )
KEN CLARK (WARDEN),                  )
                                     )
                Respondent.          )
_____          )

On August 19, 2009, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein.  The Petition purports to state four grounds for relief.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State.[1]  Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed

_____

[1]     The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).

1

of on the merits by the highest court of the state.  See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979).  Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971).  As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982).  Petitioner has the burden of demonstrating that he has exhausted available state remedies.  See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, it appears from the face of the Petition that petitioner did not exhaust his state remedies with respect to two of his four grounds for relief.  In ¶ 11 of the Petition, petitioner concedes that Grounds three and four are not exhausted.

Accordingly, petitioner's inclusion of Grounds three and four in the Petition renders the Petition a "mixed petition" containing both exhausted and unexhausted claims.  If it were clear here that petitioner's unexhausted claims were procedurally barred under state law, then the exhaustion requirement would be satisfied.  See Castille v. Peoples, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996); Jennison v. Goldsmith, 940 F.2d 1308, 1312 (9th Cir. 1991).  However, it is not "clear" here that the California Supreme Court would hold that petitioner's unexhausted claims are procedurally barred under state law, if petitioner were to raise them in a habeas petition to the California Supreme Court (which being an original proceeding is not subject to the same timeliness requirement as a Petition for Review of a Court of Appeal decision).  See, e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993) (granting habeas relief where petitioner claiming sentencing error, even though the

2

alleged sentencing error could have been raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405, 244 P.2d 734 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition).  The Court therefore concludes that this is not an appropriate case for invocation of either statutory "exception" to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court.  See 28 U.S.C. § 2254(b)(1)(B).

Under the total exhaustion rule, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition must be dismissed.  See Rose , 455 U.S. at 522; see also Coleman v. Thompson, 501 U.S. 722, 731, 115 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); Castille, 489 U.S. at 349.  However, more recently, the Supreme Court held that, in certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims.  See Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) (holding "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court").  Here, the Court notes that petitioner has not requested that the Court hold the Petition in abeyance while he returns to state court to exhaust his state remedies with respect to Grounds three and four of the Petition, let alone purported to make the necessary showing of good cause for his failure to exhaust those claims first in state court.[2]

Per Rhines, where the petitioner has presented the district court with a mixed petition and the Court determines that stay and abeyance is inappropriate, the district court must "allow the petitioner to delete the unexhausted claims and to proceed with

---

[2]    Petitioner would also have to satisfy two other prerequisites to invoking the stay and abeyance procedure, namely convince the Court (a) that his unexhausted claim is not "plainly meritless," and (b) that he has not engaged in "abusive litigation tactics or intentional delay."  See Rhines, 544 U.S. at 277-78.

1  the exhausted claims if dismissal of the entire petition would unreasonably impair the

2  petitioner's right to obtain federal relief." See Rhines, 544 U.S. Ct. at 278.  Here,

3  however, it appears to the Court that the option of proceeding with his two exhausted

4  claims is not warranted based on the Ninth Circuit's holding and reasoning in

5  Sherwood v. Tompkins, 716 F.2d 632 (9th Cir. 1983) because petitioner currently has

6  a habeas petition pending in the California Court of Appeal. (See Petition at ¶¶ 7(c),

7  11). In Sherwood, the petitioner was seeking habeas relief on the ground that he had

8  been denied his right to appointed counsel and free transcripts.   Although the

9  petitioner's state appeal from his conviction still was pending, the petitioner arguably

10 had exhausted his state remedies with respect to the particular claim being raised in

11 his federal habeas petition.  The Ninth Circuit held that the federal habeas petition

12 nevertheless had to be dismissed for failure to exhaust state remedies:

13         "[E]ven were Sherwood to have exhausted all his state remedies

14         with respect to the denial of his appointed counsel and free transcript

15         request, that would not be enough to satisfy the requirements of 28

16         U.S.C. §§ 2254(b) and (c).  When, as in the present case, an appeal of a

17         state criminal conviction is pending, a would-be habeas corpus petitioner

18         must await the outcome of his appeal before his state remedies are

19         exhausted, even where the issue to be challenged in the writ of habeas

20         corpus has been finally settled in the state courts.

21         As we explained in Davidson v. Klinger, 411 F.2d 746, 747 (9th

22         Cir. 1969), even if the federal constitutional question raised by the

23         habeas corpus petitioner cannot be resolved in a pending state appeal,

24         that appeal may result in the reversal of the petitioner's conviction on

25         some other ground, thereby mooting the federal question."  Sherwood,

26         716 F.2d at 634 (footnote and remaining citations omitted).

27

28 Other courts in this Circuit also have applied the Sherwood dismissal rule where

4

1  the petitioner had a state habeas petition pending.  See, e.g., Lockhart v. Hedgpeth,
2  No. C 08-2186 JSW (PR), 2008 WL 2260674, **1 (N.D. Cal. May 30, 2008); Craft
3  v. Sisko, No. CV 08-455-VBF (JWJ), 2008 WL 906438, *1-*2 (C.D. Cal. April 1,
4  2008); McDade v. Board of Corrections, No. C 07-5294 MJJ (PR), 2007 WL
5  3146736, *1 (N.D. Cal. Oct. 25, 2007); Hancock v. Marshall, No. C 07-2644 CW
6  (PR), 2007 WL 1521002, *1 (N.D. Cal. May 24, 2007); Kilgore v. Malfi, No. C 07-
7  340 SI (PR), 2007 WL 1471293, *2-*3 (N.D. Cal. May 17, 2007).

8          IT THEREFORE IS ORDERED that, on or before September 25, 2009,
9  petitioner show cause in writing, if any he has, why the Court should not recommend
10  that this action be dismissed without prejudice for failure to exhaust state remedies.
11  Further, petitioner is cautioned that his failure to timely file a response to this Order
12  to Show Cause will result in a recommendation that the action be dismissed without
13  prejudice not only for the reasons discussed above, but also for failure to prosecute.

15  DATED:    August 26, 2009

                                              _____
18                                            ROBERT N. BLOCK
                                              UNITED STATES MAGISTRATE JUDGE

5